The last case on the docket of the day is 524-0867, People v. Sanchez-Perez. Mel, if you're ready, please, first podium. Thank you, Robin. My name is Stephen Richards. I represent the petitioner of trial in this case, J. Jr. Sanchez-Perez. When I was thinking about this argument, and particularly about the state's argument, I was reminded by kind of the portrait on the wall of an anecdote about Abraham Lincoln as a lawyer, which that supposedly when he had a case, he would concede anything that was questionable. And he would get to the nub of the argument, which is what actually was the dispute, as opposed to other lawyers who would argue everything. And I have to commend the state, because in this case they have made a number of concessions, which I think are wise, although they varied over the course of time. In the original appeal, or the original one we originally filed, in their motion to dismiss, their position was that he could prove his innocence by a preponderance, but he had brought about his own conviction. When we appealed that, the state conceded in the first appeal that that was the determination that he had no case was erroneous, and he had to go back. Now, in this particular appeal, the state is conceding two things. It's contesting preponderance of the evidence as to innocence, but they are conceding that Mr. Sanchez-Perez did not bring about his own conviction. So I think that concession, of course, is not binding the court, but I think it's a good concession. The other concession is that as to the standard of review, which is very unsettled in the courts, the state is conceding that, at least for the purposes of this case, that the appropriate standard of review is manifest weight of the evidence. We think it's also manifest weight of the evidence, and we think that the court should not rule on an abusive discretion standard for the reasons we gave in our brief. So cutting to the chase, the only issue remaining is whether there was a preponderance of the evidence, whether Mr. Sanchez-Perez proved his innocence by a preponderance of the evidence. Now, in his original direct appeal, the court basically said there's no positive evidence that he participated in possession of drugs or delivery of drugs. There are suspicious circumstances because he was around, his car was around, he goes into a house, comes out of a house. But that was basically, and in the original case he made a statement to the officer that, in general, he had done drug transactions without any specific concession as to doing a transaction on the 23rd or possessing drugs on the 23rd. And the appellate court said back then, that's not proof beyond a reasonable doubt. Now, at the hearing, he put Mr. Junior Sanchez-Perez did put in positive evidence that he was not guilty and that he was innocent by preponderance. That evidence was from the co-defendant who took the stand and said, on the 23rd, Sanchez-Perez didn't possess the drugs, Sanchez-Perez didn't deliver the drugs. That was all done by myself and the other co-defendant. Sanchez-Perez had nothing to do with it on the 23rd. Now, the trial court found that witness, Soliz, incredible. But the attacks on his credibility, Soliz's credibility, I think are far-fetched. Basically, one attack on the credibility was he didn't take the stand in his own trial and tell the court that Sanchez-Perez was innocent. Another was he didn't tell his own attorney that Sanchez-Perez was innocent, which he refuted. He said, yeah, I did tell my attorney that. I told him a thousand times. Another was that as an elocution, he didn't say Sanchez-Perez was innocent. Why in the world would he at his own elocution? What did that have to do with his elocution? And the last was that he hadn't put that in his post-conviction petition or in his appeal for the post-conviction petition. So I think all those attacks on the credibility of Soliz were fallacious. So his testimony alone, in our view, established innocence by a preponderance. This was a guy who would know, would know whether Sanchez-Perez delivered drugs. Now, the other piece of evidence that the state had was the testimony from Albinger. Albinger said that J. Junior Sanchez-Perez had made statements acknowledging responsibility for what happened on the 23rd, the delivery or the possession. And he also said that he never testified to that at trial for what I thought was basically a very good and reasonable reason, which is that having said that, that would have endangered having the joint trial between Soliz and Sanchez-Perez because of prudent problems. So he left that out of his trial testimony. I think that's understandable and reasonable. But the question is, is his statement that Sanchez-Perez said he was responsible for what happened on the 23rd, is that sufficient to defeat a claim for innocence given the fact that the jury was never instructed on accountability? And as the Illinois Supreme Court has said, you can't put in a new theory of guilt to defeat a petition for certificate of innocence. Now, there is a remaining question raised by the Shoulder case, which I also litigated, and which is currently – I'm sorry, by the Reid case, which I did not litigate. It was cited by the Illinois Supreme Court this fall, where the Illinois Supreme Court said that you have to prove you're innocent of everything, not just what you were convicted of. In other words, if there's other offenses that were now crossed in the same indictment, or if you were acquitted of other things in the same indictment, you have to prove you're innocent of everything. So that's obviously the law. How far it extends is not entirely clear, because there's also a strong concurrence, which said there may be circumstances where it's sort of ridiculous for you to have to prove years later that you're innocent of every possible thing that might be connected with the indictment. But here, I don't think this is a big issue in this case, because he's acquitted of delivery. He says in his petition he swears he's not guilty of delivery. He swears in his petition that he's not guilty of possession. He's innocent of that. And he has a witness who says he's innocent of both. So I don't think that's a big issue in this case. I think the court could, you know, review the issue of what the standard review is, and I think that's important, but maybe not necessary, given the fact that the state has conceded the manifest weight of the evidence standard. If the court has no questions, I have nothing else to say. Do you have that Supreme Court read cite? The read cite... I mean, I can find it, but if you've got it... It's people versus read, but it is cited if you want to look for it in the state's brief, I think in a footnote. Excuse me, please. Gotcha. At the least brief, page 12. As we say a lot of times, these all kind of run together after preparing for a few weeks and then sitting here all day, so I'm sure I've seen it, so I apologize. Okay, and we acknowledge, you know, I hope that case would go the other way, but it didn't, and we acknowledge that that's the law, at least as to anything within the four quarters of indictment. Thank you. Thank you. Sorry. Good afternoon, Your Honor. May it please the Court. Counsel, Mr. Richards. Just as a point of clarification with regards to the concession of the standard review, I did argue the case under the manifest weight standard, not necessarily conceding that it is the correct. I think the position we've taken is that whether it's abuse of discretion or manifest weight, the court's judgment in denying the petition for certificate of innocence was correct. I would say given that Justice Overstreet wrote or agreed with the manifest weight, that might clear it up. I was going to say, I do think, and I gave a very close read of the concurring opinion in Washington, I think it's in accord with our understanding of contested evidentiary hearings and the standard review that's typically applicable to those. This case probably best exemplifies that situation where there is obviously direct contesting testimony in the court, made explicit credibility determinations, and, of course, in those circumstances, it's obviously a less deferential standard of review than abuse of discretion, but still a significant standard of review as far as discretion given to the reviewing court. Here, this court can only reverse the judgment of the trial court if it finds that an opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on the evidence. So that is, I think, still a pretty high hurdle for a petitioner or a defendant to establish on appeal to overturn the judgment of the lower court. In this instance, as counsel correctly stated, we, I, conceded and confessed error in the original appeal here, and I think that one of the court's directives in that original appeal is that it should be remanded for the court to explore in more detail the circumstances surrounding the statement of confession that was given by the defendant here in this case. The revelation of those circumstances, I think, was interesting and probably explained a lot for me as well. When it turned out that there was a joint prosecution agreement that had been entered by the state to avoid a Bruton-type error where, of course, familiar with Bruton, the state can't put on testimony of one person's confession implicating a non-testifying co-defendant. So both, obviously, individuals were tried together. Solis' statement implicated defendant's, I mean, defendant's statement implicated Solis' in a number of different ways, so that would explain why the testimony that the detective gave at the time of the trial was highly sanitized to, you know, very generic and general statements, which did not implicate the defendant directly in this offense. Here, now that we have a full measure of the statements that were given to Ablinger, or Ablinger, however it's pronounced, kind of Vermillion County Sheriff's Department, we have a clearer vision of the extent of the involvement of the defendant in the charge transaction. The other thing we had at that point was some suspicious activities. The court has, I think, has access to the record and made reference to that in the original appeal. The court's aware that largely the defendant was observed going back and forth to a residence, which Solis had gone to after essentially leaving the confidential source at a third location, went back to his home, stayed there briefly, went back again. When confronted with those sort of suspicious circumstances that were directly tied to events leading up to the actual transaction with the confidential source, it made a lot more sense with regards to his level of involvement in that he supplied the drugs for the transaction. At least that's the defendant's statement. Now, we've put some hairs a little bit here. We talked about, the counsel talked about responsibility. But I think the court also makes note of its order that the report that Kappenger provided and was actually part of an attachment that was provided by the defendant in this case, indicated that the defendant had indicated that he had actually given the drugs to Solis for the drug transaction. In any event, what we have here is, and I acknowledge that, Mr. Solis testified on behalf of the defendant. He, in a nutshell, said, look, he didn't have anything to do with this. There are a number of aspects of his testimony which I think are debatable. But I think perhaps most significantly is his insistence that he's never really had any kind of drug transaction or any kind of history with the defendant in this case, which is directly refuted by the defendant himself. Now, this is a civil case, and the defendant, or I should say petitioner since he's been acquitted, has the burden to prove by preponderance the evidence. It's his burden. The defendant did not testify in this case. So when counsel is up here arguing and says, well, we've got unrebutted and uncontested evidence, we're sort of eliding the fact that neither was Kappenger's testimony refuted or rebutted. And the only person that could have done that never took a witness stand, never subjected himself to cross-examination. That doesn't leave the court a lot of options other than to credit the officer's belief, which, as I said, in its inherent content contradicted Solis' testimony. So given the deferential standard of review here, which is just one step above abuse, is the court's finding unreasonable, arbitrary, and not based on the evidence? And indisputably the case is that it is not. There was ample evidence provided by the state to counter the objective declaration of innocence provided in both the petition and through Solis' testimony. We didn't hear from the defendant himself, which had provided a, I think, consistent, reasonable, and corroborated accounting of the statements that were made by the defendant. They were not rebutted by the defendant in any way. And I think to sort of put the cherry on the sundae here, the rationale that was provided for not providing a full measure of the statement at the time of trial was consistent with what's explicitly in the record. This court was so inclined to look at the, there's some, I think there's a common law record, as well as some copies of transcripts where it was explicitly stated that the conditions of the pretrial joint agreement that there would be no statement attributed to the defendant which implicates Solis in any way. And so that leaves a lot, nothing a lot more than basically defendant's statements that he sold drugs and he'd sold them for $1,200 and he got his drugs from Mexico and that he was, you know, afraid to confront that situation for fear of his own safety. Obviously there's a lot more to it than that. But, you know, those facts too I think when they are viewed in context with the statements that were now at the time of this hearing attributed to the defendant by the detective provides I think some interesting and important corroboration of the narrative that was being put forth by the state about what happened in this case. So in the end, yes, it's true in Reed the defendant must now prove himself innocent on all charges, but we really need not get past the fact that he did not and cannot prove himself objectively innocent of the possession of methamphetamine, whether or not you feel he's involved in the transaction or not. The defendant admitted that he actually transmitted these drugs as part of the transaction, but I think that the reasonable argument can be made that he's guilty of both. In any event, the court's judgment was both factually and legally correct and we would ask this court to affirm. Does the court have any questions? Thank you. Thank you. I appreciate it. Counselor? Counselor, I think I'll stand on what I said originally unless there are further questions. Any questions? No. Thank you. I appreciate it. Thank you very much. Thank you both for your briefs today and your arguments here. The court will take that into consideration.      Good morning to you, court.